# Montgomery Gas-Light Co. *v.* Montgomery & Eufaula Railway Co.

*Action for Damages caused by Collision of Railroad Cars.*

1. *Discontinuance as to one or more of several defendants.*—At common law, a discontinuance as to one or more of several defendants, in actions *ex contractu*, operated a discontinuance of the entire action, unless a sufficient legal excuse was shown; but, in actions *ex delicto*, the plaintiff might discontinue as to one or more of the defendants, and proceed against the others, even after verdict, though all had joined in the same plea, and had been found guilty of the same tort; and the statutory provision which allows a discontinuance to be entered as to defendants

[Montgomery Gas-Light Co. v. Montgomery & Eufaula R'y Co.]

not served with process (Code, § 2607), does not change this principle as applied to actions *ex delicto*.

2. *Negligence causing collision of railroad train with cars on side-track; sufficiency of complaint.*—In an action by a railroad company against its lessee of a side-track, to recover damages for a collision of one of its moving trains with cars left standing on the side-track, if the complaint alleges that the defendant was lawfully in possession of the side-track, and negligently suffered the cars to remain standing on it too near to the main track, whereby the collision and damage resulted, it shows a substantial cause of action, although it may not negative fault or neglect on the part of the plaintiff; and even if it was plaintiff's right and duty, as to third persons, to have removed the cars as an obstruction on the track, this would not relieve the defendant of liability for its negligence.

3. *Plea averring contributory negligence.*—A plea in bar of such action, averring contributory negligence on the part of the plaintiff (1) in backing the train at a rate of speed faster than was allowed by a municipal ordinance, (2) in failing to make provision for giving necessary signals to the engineer of the train, and (3) in the construction of the side-track in an improper and unskillful manner; "by reason of all which said negligence and want of ordinary care on the part of plaintiff said alleged injury was caused, and said negligence and want of ordinary care of plaintiff proximately contributed to cause said injury,"—presents a substantial defense.

4. *Charge defining contributory negligence.*—A charge instructing the jury that, to establish the defense of contributory negligence, "they must be satisfied from the evidence that plaintiff was guilty of negligence which was proximate to, *and essentially* contributed to the injury," is neither erroneous nor misleading.

5. *Liability of master, for negligence of servant.*—If the defendant, having acquired by contract with plaintiff the right to the possession and use of the side-track for its own purposes, employs a third person to unload its cars, and the injury is caused by the negligence of such third person or his servants in the performance of the work, this does not relieve the defendant of liability.

6. *Bailee's right of action.*—If the cars injured by the collision were, at the time, the property of another railroad company, but were in plaintiff's possession under a contract of bailment for hire, he had such special property as would maintain an action for the injury.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This case is reported in 79 Ala. 338, under the name of *Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.* The action was brought by the railroad company, against Chambers & Abercrombie as partners, and the Montgomery Gas-Light Company, a private corporation, to recover damages on account of injuries to a moving train of cars, caused by a collision with several empty cars which were standing on a side-track, and alleged to have been left there by the negligence of the defendants, their servants and agents; and was commenced on the 17th November, 1883. The original complaint contained but a single count, which alleged that, on the 10th October, 1883, plaintiff was legally possessed of a railroad in the city of Montgomery, extending

from the foot of Commerce street eastwardly, and constantly used in running passenger and freight cars, as the defendants well knew; that there was also in said city "a short railroad known as a side-track, or switch-track, which belonged to plaintiff, and was connected with plaintiff's main track, and which was then lawfully in possession of the defendants; that on said 10th October, 1883, plaintiff was running a train of six freight cars on said main track, yet the defendants, well knowing the premises, negligently, wrongfully and unjustly placed a freight car or cars on said side-track, so near to plaintiff's said main track, and wrongfully and negligently continued the same thereon, that plaintiff's said train was then and there, without fault on the part of plaintiff, driven up and against said freight car or cars, so placed on said side-track by defendants, and four of plaintiff's said cars were thereby crushed, broken to pieces, and damaged; to plaintiff's damage $2,000."

The defendants demurred to this count, assigning the following as grounds of demurrer: 1st, because it shows that the side-track belonged to plaintiff, was connected with the main track, and plaintiff had the right to control it, and it was plaintiff's right and duty to keep it free of all obstructions to passing trains; 2d, because it shows that said side-track belonged to plaintiff, and was lawfully in the defendants' possession, and fails to show that defendants were not using it as plaintiff's employees, or that said cars were not placed thereon where authorized and directed by plaintiff; 3d, because it shows that defendants had a right to use said side-track, equal to plaintiff's right to use its main track, and it was plaintiff's duty not to attempt to pass with its train when a collision with a car on said side-track would result; 4th, because it shows that plaintiff did not use due care, and was guilty of contributory negligence; 5th, because it does not show that the defendants were guilty of any misfeasance or non-feasance in placing said cars on the side-track; 6th, because the allegation that plaintiff was without fault is a conclusion of law; 7th, because no facts are alleged which show that the act complained of was without fault on the part of plaintiff.

A second count was added to the complaint by amendment, which alleged that, at the time of the injury, the side-track belonged to plaintiff, and was connected with its main track, but was lawfully in the defendants' possession, and under their exclusive control, for their own uses and purposes; that

it was their duty, in using cars on the side-track, when not running them, so to keep them as not to obstruct the free passage of plaintiff's cars on its main track; that on said 10th October, 1883, in violation of their said duty, defendants negligently, unlawfully and wrongfully permitted their said freight cars to remain standing on the side-track, so near to the main track then in use by the plaintiff, as to obstruct the free passage of plaintiff's cars on the main track; whereby plaintiff's cars, then being run on said main track, were driven against defendants' said freight cars, without any neglect on the part of the plaintiff, and, by reason of the carelessness and gross negligence of the defendants, four of plaintiff's cars were crushed, broken to pieces, and injured to the extent of $2,000; that plaintiff was at the time running its cars with due care, and that the collision occurred without fault on its part.   The defendants demurred to this count, also, assigning the same grounds of demurrer as to the first, and the following additional grounds: 1st, because it does not show that the plaintiff, by the exercise of ordinary care, could not have discovered the obstruction in time to have prevented the collision; 2d, because it does not show that the plaintiff did not in fact discover the alleged obstruction in time to prevent the collision; 3d, because it is not averred that the plaintiff did not discover, in time to prevent the collision, the fact that the cars on the side-track were standing so near to the main track that plaintiff's cars could not safely pass them, nor is it denied that the fact could have been discovered by the exercise of ordinary care and diligence; 4th, because it is not averred or shown that, at the time of the injury, plaintiff had the proper or necessary lookout for obstructions, nor that, if a proper lookout had been kept, the obstruction would not have been discovered in time to prevent the injury.

The court overruled the demurrers, and the defendants then pleaded the general issue, and a special plea, which averred, in substance, that the side-track was made by plaintiff as a part of its own railway, for its own use and benefit, and was, at the time of the alleged injury, in the possession, and under the control of the plaintiff; "that the Louisville & Nashville Railroad Company had for a long time, with plaintiff's knowledge and consent, delivered cars loaded with coal for defendants on said side-track, to be then and there unloaded by defendants, and, after being unloaded, to be taken away by said L. & N. Railroad Company, for

which defendants paid to said L. & N. Railroad Company one dollar for each car so delivered, and also paid plaintiff sixty cents for each car, for the use of said side-track for the purpose of unloading said cars;" that said L. & N. Railroad Company had, at the time of the alleged injury, delivered on said side-track three or more cars loaded with coal, to be unloaded, two of which, having been unloaded, were pushed out of the way, in order that another loaded car might be put in proper position to be unloaded, but said two unloaded cars were not pushed far enough to impede or obstruct the passage of cars on the main track; that a municipal ordinance of the city of Montgomery, in force at that time, prohibited any locomotive or train of cars, when moving backwards, to run at a greater speed than four miles per hour; that plaintiff's said engine and cars, eighteen or more in number, were run backwards at a greater rate than four miles per hour, and no proper and sufficient provision was made for giving signals to the engineer in charge in case of danger; that said train was run by a switch-engine, at irregular and uncertain times; that the side-track was made by plaintiff in an unskillful and improper manner; "by reason of all which said negligence and want of ordinary care on the part of plaintiff, said alleged injury was caused, and said negligence and want of ordinary care of plaintiff proximately contributed to cause said injury," &c.

This plea seems to have been amended after the reversal and remandment on the former appeal, but the record does not show in what particulars, nor does the judgment-entry mention any amendment asked or allowed.

A separate plea was also filed by the Montgomery Gas-Light Company, which, after alleging the facts as set forth in the second joint plea above mentioned, further alleged that, at the time of the alleged injury, and for some time prior thereto, "said Chambers & Abercrombie had contracted and agreed with this defendant to do all of this defendant's unloading cars upon said side-track; and said cars which caused said alleged injury were, at the time of said alleged injury, under the control and management of said Chambers & Abercrombie, or of their servants and employees, and were not under the control of this defendant, or any of its servants or employees; and this defendant had no power or authority to control or discharge said employees of Chambers & Abercrombie, who were then and there in control of said cars, and was under no agreement to pay any of said

employees or servants; and this defendant did not in any manner direct the said Chambers & Abercrombie, or any of their servants or employees, to push or place said cars on said side-track in the position where they were when said injury is alleged to have occurred." The record shows no demurrer to this plea, nor any action on it.

At the first term next after the reversal and remandment on the former appeal, the plaintiff seems to have entered a discontinuance of the suit as against Chambers & Abercrombie, though there is no judgment-entry stating the fact. At the June term, 1888, when the second trial was had, a motion was made by the Montgomery Gas-Light Company to dismiss the suit, on the ground that the entire action was discontinued by the discontinuance entered at the former term as to Chambers & Abercrombie; which motion the court overruled. The defendant then demurred to the complaint, as the judgment-entry recites, which demurrer was overruled; and a demurrer to the second plea being then interposed and sustained, a trial was had on issue joined, which resulted, under the charges of the court, in a verdict and judgment for the plaintiff, for $678.00 damages.

On the evidence adduced, "all of which in substance" is set out in the bill of exceptions, the court gave the following charges. at the instance and · request of the plaintiff: (1.) "Before the jury can find the plaintiff guilty of contributory negligence, they must be satisfied from the evidence that the plaintiff was guilty of negligence which was proximate to, and essentially contributed to the injury complained of." (2.) "The evidence must show that the plaintiff did not exercise the care of an ordinarily prudent man in running its train, before the jury can find that plaintiff was guilty of negligence." (3.) "If the evidence shows that the cars on the switch-track were· under the control of the defendant, through Chambers & Abercrombie, or their employees, then it was defendant's duty to see that the cars on the side-track were not placed so near the main track as to cause a collision." (4.) "If the defendant employed Chambers & Abercrombie to unload the cars on the side-track, and said Chambers & Abercrombie, or the persons employed by them, were guilty of negligence in placing or leaving the cars on the side-track so as to come in collision with cars running on the main track; such negligence would be the negligence of the defendant, although said defendant did not have immediate control over the hands employed in unload-

ing said cars." (5.) "The plaintiff was required, in running its train which was injured by the collision with the cars on the side-track, to exercise only ordinary care; and if the evidence does not show that the plaintiff was guilty of any want of ordinary care in running said train, then plaintiff was not guilty of contributory negligence."

The defendant excepted to each of these charges as given, and also to the refusal of the following charges, which were asked in writing: (10.) "If the jury believe from the evidence that the cars alleged to have been injured were the property of the Louisville & Nashville Railroad Company, they can not find a verdict for plaintiff for the damage done to said cars." (12.) "If the jury believe all the evidence, they must find a verdict for the defendant."

The charges given, the refusal of the charges asked, the rulings on demurrer, and the overruling of the motion to dismiss the suit on the ground of a discontinuance, are now assigned as error.

W. S. THORINGTON, for appellant.—(1.) The dismissal of the suit as against Chambers & Abercrombie, who had been served with process, and who set up no special personal defense, was a discontinuance of the entire action.—*Slade v. Street*, 77 Ala. 576. (2.) The first count of the complaint sets forth no cause of action, and its sufficiency was not considered on the former appeal. It clearly shows that plaintiff had control of the side-track, and does not negative its duty to keep its own tracks free from obstructions.—*Kansas Railway Co. v. Pointer*, 9 Kansas, 620. (3.) The second plea was amended, so as to conform to the former decision of this court, and the demurrer to it was improperly sustained.—*M. & E. Railway Co. v. Chambers & Abercrombie*, 79 Ala. 344. (4.) The first charge given at the instance of the plaintiff, as to the defense of contributory negligence, laid down too strict a rule in requiring that such negligence must not only be proximate, but must have "essentially contributed to the injury."—*Potter v. C. & N. Railroad Co.*, 21 Wisc. 372; *Williams v. M. C. Railroad Co.*, 2 Mich. 259; *Railroad Co. v. Norton*, 24 Penn. St. 469; 42 Penn. St. 499; *Railroad Co. v. Roney*, 89 Ind. 455; 31 Md. 357; *Gothard v. Gr. So. Railroad Co.*, 67 Ala. 114; *Cook & Scott v. Parham*, 24 Ala. 35; 3 Stew. 482. (5.) The second charge given ignored an important part of the testimony, which tended to show negligence on the part of the plaintiff in the

[Montgomery Gas-Light Co. v. Montgomery & Eufaula R'y Co.]

construction of the side-track.   (6.) The third charge given
is erroneous, because, on the facts stated, the defendant had
no control over the servants of Chambers & Abercrombie.
*Eaton v. E. N. Railway Co.*, 59 Maine, 520.   (7.) On the
facts stated in the bill of exceptions, the general charge in
favor of the defendant should have been given.

WATTS & SON, *contra*, cited 1 Chitty's Pleadings, 97-8;
*DuBose v. Marx*, 52 Ala. 506; 6 Vt. 151; *Slade v. Street*,
77 Ala. 578; *Railway Co. v. Chambers & Abercrombie*,
79 Ala. 338; Beach on Contributory Negligence, § 10, pp.
27-8, note; 2 Wood's Railway Law, 1066, note; 9 Bush, Ky.
81; 75 Ala. 142.

SOMERVILLE, J.—The rule of the common law was,
that in actions *ex contractu* a discontinuance as to one or
more of several defendants, without sufficient legal excuse
therefor, operated to discontinue the whole action.—*Rey-
nolds v. Simpkins*, 67 Ala. 378; *Mock v. Walker*, 42 Ala.
668.   But, in actions *ex delicto*, the plaintiff could discon-
tinue as to one or more defendants, and maintain his action
against the remaining defendants, without discontinuing the
whole suit.—5 Amer. & Eng. Encyc. Law, 676; *U. S. v.
Linn*, 1 How. (U. S. 104; *Weakley v. Rogers*, 3 Watts (Pa.),
460.   This could be done, even after verdict, though all the
defendants had joined in the same plea, and been found
guilty of the same tort; the plaintiff being permitted to
enter a *nolle prosequi* as to some of them, and take judg-
ment against the rest.—*Hardy v. Thomas*, 23 Miss. 544;
s. c., 57 Amer. Dec. 152; *Salmon v. Smith*, 1 Saund. 207.
Section 2607 of our present Code (Code, 1876, § 2911),
which authorizes a discontinuance to be entered as to par-
ties defendant who are not served, was not intended, nor
does it operate, to change this common-law rule applicable to
action *ex delicto*.   A plaintiff may still bring his action
against several tort-feasors, and dismiss as to one or more,
whether served with process or not, and proceed to judgment
against the remaining defendant, without discontinuing his
entire action.—*Slade v. Street*, 77 Ala. 576.

The dismissal of the present suit, which is one in case, or
*ex delicto*, against the defendants, Chambers & Abercrombie,
did not operate to discontinue the action against the other
defendant, the Montgomery Gas-Light Company; and there
was no error in overruling the motion of appellant to dis-
miss the entire action,

The principles settled in this case when last before us on appeal are, in our judgment, conclusive as to the correctness of the action of the Circuit Court in overruling the demurrers to both the original and the amended complaint. *Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie*, 79 Ala. 338. We then decided, that contributory negligence is a defense, the burden of proving which rests on the defendant, and that it is unnecessary for the plaintiff, in the first instance, to negative fault or neglect, or the want of ordinary care, on his own part.—3 Brick. Dig. 672, § 25, *et seq.*, and cases cited.

The original complaint certainly contained averments of fact showing a substantial cause of action. It alleges, in substance, that the defendant, being lawfully in possession of the plaintiff's side-track, wrongfully and negligently placed a freight car so near the main track of the plaintiff's road, that a train of cars, operated by plaintiff's servants, ran into and was driven against said obstruction on the side-track, from the effects of which four of said cars were broken to pieces, and damaged to the extent of two thousand dollars. This was a wrongful act, or *tort* on the part of the defendants, constituting a violation of a legal duty, and resulting directly in pecuniary injury to the plaintiff; and hence the act complained of embraced all that was necessary to constitute a legal cause of action. It was entirely immaterial that it was plaintiff's right and duty, as to third persons, to have removed the obstruction which caused the injury. The plaintiff's liability to third persons, whether passengers or employees, can not relieve the defendants of their liability to the plaintiff for any injury resulting from their negligence, or other wrongful conduct.

There was no error in overruling the demurrer to the complaint, either original or as amended.

We held on the former appeal, that the second plea of the defendant was defective, and that the demurrer to it should have been sustained. This plea avers several cumulative acts of alleged negligence on the part of the plaintiff, which are averred to have contributed to the injury sustained by the collision of the plaintiff's train with the car left standing on the side-track. These are, (1) backing their train at a rate of speed faster than that allowed by a city ordinance, which rate was four miles per hour; (2) failure to make provision for giving signals to the engineer, so as to warn him of danger while backing the train; (3) the construction

[Montgomery Gas-Light Co. v. Montgomery & Eufau'a R'y Co.]

of the side-track, in an unskillful and improper manner. The defect in the plea, pointed out by demurrer, was, that it failed to aver that the alleged acts of contributory negligence were the proximate cause of the damage suffered, or, in other words, that they proximately contributed to the injury complained of. The amendment to the plea, which now appears in the record, obviated the grounds of objection specified in the demurrer, and the court consequently erred in sustaining the demurrer. The question of negligence *vel non* should, under the averments of the complaint, have been submitted to the jury as one of fact, under proper instructions from the court as to the law.

Contributory negligence is commonly defined as "a want of ordinary care upon the part of the person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred."—4 Amer. & Eng. Encyc. Law, 17; 3 Brick. Dig. 672, § 25 *et seq.*, and cases cited; *S. & N. R. R. Co. v. Schaufler*, 75 Ala. 136. It is objected, that the Circuit Court, in defining the phrase *contributory negligence*, embraced in it the idea, that it must have been of a character to have "*essentially* contributed" to the injury set out in the complaint. The rule is so stated in *Government St. R. R. Co. v. Hanlon*, 53 Ala. 70, and, in our judgment, is not incorrect. It is often said, that no negligence on the part of the plaintiff, which "remotely contributes" to produce an injury, will debar him from a recovery; and it is variously stated, that no negligence is contributory and proximate, in the order of cause and effect, unless it "substantially," or "essentially," or "directly" contributes to produce such injury, or is "an efficient cause," or "active and efficient" cause in producing it. These terms of description are often used indifferently to distinguish the direct and immediate or juridical cause of the injury, from a remote cause or mere condition of such injury, and they can not be said to be either erroneous or misleading.—4 Amer. & Eng. Encyc. Law, pp. 23, 25, 26, 27, 42, 51; 2 Wood's Railway Law, Note, p. 1066; Beach on Contrib. Neg. § 10, and pp. 27–28, 32.

If the defendant employed Chambers & Abercrombie to unload the cars on the side-track, or switch, it is plain that any act of negligence on their part, or on the part of their employees, in the performance of this duty, would be

[Montgomery Gas-Light Co. v. Montgomery & Eufaula R'y Co ]

imputable to the defendant, on account of the relation of master and servant existing between them, although the defendant corporation had no immediate control over such employees, while engaged in the duty of unloading.    Chambers & Abercrombie were in no sense independent contractors, but were agents of the defendant, the Gas-Light Company, *which itself had impliedly assumed the duty of so using the track as to keep it clear of obstructions.*    The law, under the terms of the contract for using the side-track, thus devolved on the defendant the duty of keeping it in safe condition; and this duty could not be cast on another, so as to escape liability properly attaching to its non-performance. *City of Birmingham v. McCrary*, 84 Ala. 469.

There was, under the above principles, no error in giving the several charges requested by the plaintiff.

It was no answer to the maintenance of the present action, that the cars alleged to have been injured belonged to the Louisville & Nashville Railroad Company.    The plaintiff had them in possession as bailee for hire, and owned such a special property in the cars as to authorize an action in its name against a third person, for negligently or tortiously injuring them.    Such bailee may maintain an action on the case for an injury to the bailed property, as well as an action of trespass, trover or detinue against a wrongdoer, in a proper case.    The charge numbered 10, requested by the defendant, was properly refused.—*Orser v. Storms*, 18 Amer. Dec. 548–550; *Hare v. Fuller*, 7 Ala. 717; *McGill v. Monette*, 37 Ala. 49; *Brewster v. Warner*, 136 Mass. 51; s. c., 49 Amer. Rep. 5; 2 Amer. & Eng. Encyc. Law, 61.

There was no error in refusing the general affirmative charge requested in behalf of the defendant, under the rules heretofore frequently announced by us.—*City of Birmingham v. McCrary*, 84 Ala. 469; *Eureka Co. v. Bass*, 81 Ala. 200; s. c., 60 Amer. Rep. 152.

Reversed and remanded.

CLOPTON, J., not sitting.