# Torrey *v.* Forbes.

*Statutory Action in nature of Ejectment.*

1. *Plea of not guilty, and disclaimer.*—The plea of not guilty and a disclaimer are inconsistent, and can not be interposed together as a defense; one being an admission of possession, and putting the title in issue, while the other admits the plaintiff's title, but denies the defendant's possession.

2. *Nonsuit after discontinuance.*—After a discontinuance of the suit has occurred, and an order claiming it has been entered, the plaintiff can not take a statutory nonsuit (Code, §§ 2737, 2759), with a bill of exceptions.

3. *What is discontinuance; waiver of.*—In ejectment (or the statutory action in the nature of ejectment) against two, both being served with process, a dismissal of the suit as to one of them operates a discontinuance of the entire action, unless waived; but any subsequent pleading, or other proceeding by the defendant, will operate as a waiver of the discontinuance.

4. *Defective deed as color of title.*—A deed, or other written instrument, under which a party enters and holds possession of land, though defective as a conveyance, may operate as color of title, and is admissible as evidence to show the extent of his possession.

5. *Certificate of acknowledgment to deed executed in another State.* Under statutory provisions (Code, § 1546), a deed conveying lands situated in Alabama, when executed in another State, may be acknowledged before the judge of any court of record; but the certificate of acknowledgment must show, or it must be shown by other evidence, that the court was a court of record.

6. *Defective certificate of acknowledgment as attestation.*—A certificate

[Torrey v. Forbes.]

of acknowledgment appended to a deed, though substantially defective in form (Code, § 1802), may operate as an attestation by the officer as a subscribing witness.

7. *Proof of deed after death of attesting witness.*—A deed is admissible as evidence, after the death of the attesting witness, on proof of his death and of his handwriting.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Charles Torrey, as executor of the last will and testament of John Bowen, deceased, against Elisha Forbes and James A. Bishop, to recover the possession of a tract of land containing 640 acres, particularly described in the complaint; and was commenced on the 25th November, 1890. On the 28th April, 1891, a memorandum copied by the clerk, signed by an attorney for defendants, states that the "defendants plead not guilty;" and then follows, of the same date, an entry of disclaimer by Forbes as to all the lands except 160 acres particularly described. The judgment-entry, of the same date, recites that the parties came by attorney, and came also a jury, "and during the trial of the cause the plaintiff dismissed the suit as to the defendant James A. Bishop, and the defendant Elisha Forbes asked and was granted leave to disclaim as to all the lands described in the complaint except the lands described in his disclaimer. The defendant Forbes then moved the court to abate the suit against him, because the dismissal of the suit as to James A. Bishop operated as a discontinuance of the suit against him, said Forbes. The court granted said motion, and plaintiff excepted to said action of the court; whereupon plaintiff asked leave to take a nonsuit, with a bill of exceptions, which the court granted."

The bill of exceptions, after stating the disclaimer of Forbes, adds, that "the cause was put to the jury; and in the progress of the trial the plaintiff dismissed the suit as to the defendant James A. Bishop, and to sustain their contention, *plaintiffs* introduced evidence tending to show," &c., being proof of plaintiff's title. After stating the evidence adduced by both parties, and the rulings of the court on several objections, it concludes thus: "After the plaintiff had concluded his opening argument, and the defendant had replied, the defendant moved the court to rule that the dismissal of the suit as to James A. Bishop was a discontinuance of the action as to both of the defendants; which motion the court sustained, and dismissed the cause; to which ruling and action of the court the plaintiff excepted, and asked leave to take a nonsuit, with a bill of exceptions, which was granted," &c.

The plaintiff claimed title to the land under a mortgage

[Torrey v. Forbes.]

executed by Grist, Hughes & Co., a partnership composed of James R. Grist, Benjamin Grist, and Theodore J. Hughes; a decree foreclosing that mortgage, and a sale under it, at which Isaac W. Hughes became the purchaser, and received a conveyance from the register; a deed from said Isaac W. Hughes to Zophar Mills, and a quit-claim deed from Mrs. Annie M. Hughes, the wife of said Isaac W., to said Mills; and a deed from said Zophar Mills to John Bowen, plaintiff's testator. There was no proof of title in said partnership, nor does the date of the mortgage anywhere appear; but the bill to foreclose it was filed on the 15th April, 1869, and the plaintiff's evidence tended to show, as the bill of exceptions states, "that Grist, Hughes & Co. were in possession of said land before" that date. The decree of foreclosure was rendered on the 8th July, 1870, and the register's deed to Hughes as the purchaser was dated the 18th October, 1870. The deed of Hughes to Zophar Mills was dated May 3d, 1873, and was executed in North Carolina; and to it was appended a certificate by "J. S. Clark, J. S. C.," in these words : "Before me, a judge of the Superior Court of North Carolina, personally came the above named Isaac W. Hughes, who, in due form of law, acknowledged the above indenture to be his act and deed, and desired that the same might be recorded as such." The court excluded this deed, on objection by the defendants, on account of the defects in the certificate, and the plaintiff excepted; but the deed was afterwards admitted as showing color of title.

"The *defendants*, to sustain their contention, introduced as evidence the deed of Sallie A. Forbes to James A. Bishop, and the deed of Sarah A. Grist to Sarah A. Forbes, copies of which" were annexed as exhibits to the bill of exceptions. The deed of Mrs. Grist to Mrs. Forbes was dated February 1st, 1879, and was a quit-claim only; it purported to be executed by Mrs. Grist and her husband. Benjamin Grist, and was signed by both of them, but was acknowledged by Mrs. Grist only. "The defendant Forbes testified, that he bought the land described in said deed as land owned by Sarah A. Grist, and that she and her husband were not in the occupation of said land at the time of making said deed. Thereupon the plaintiff moved to exclude said deed as evidence," on account of its defective execution; which motion the court overruled, "and admitted said deed as color of title," and the plaintiff excepted. "The defendant Forbes introduced, also, evidence tending to show that he had been in occupation of the land sued for and claimed by him, for more than ten years before the commencement of this action, claiming it as his own. The *defendant*

also introduced evidence tending to show that said Bishop had been in the occupation of the land described in the complaint, under said deed of Sallie A. Forbes. The plaintiff introduced evidence tending to show that the defendants did not enter upon said land until the Spring of 1882."

The dismissal of the suit on the ground that it was discontinued, the exclusion of the deed of Hughes except as showing color of title, and the admission of the deed of Mrs. Grist to Mrs. Forbes as evidence of title, are assigned as error.

F. G. Bromberg, for appellant.—(1.) It was error to dismiss the suit on the ground of a discontinuance. The action of ejectment is not founded on a contract, nor on a joint or joint and several cause of action; and, therefore, it is not affected by the statute.—Code, § 2607. Several judgments may be rendered against several defendants.—*Rowland v. Ladiga*, 21 Ala. 32; Code, §§ 2710, 2833. The action is *ex delicto*, and may be discontinued as to one of several defendants, while prosecuted to judgment against the others. 5 Amer. & En. Ency. Law, 676. On the disclaimer of Bishop, plaintiff might have taken judgment against him for the lands embraced in the disclaimer.—*McQueen v. Lampley*, 74 Ala. 408. (2.) It was error to exclude the deed of Isaac W. Hughes, on the ground stated. If the certificate of acknowlment be held defective, it is nevertheless operative as an attestation by the judge.—3 Brick. Dig. 298, § 19. A superior court, as mentioned in the accompanying certificate, is a court intermediate between inferior and supreme courts; and courts of inferior jurisdiction only are not courts of record.—4 Amer. & En. Encyc. Law, 452–3. (3.) The deed of Mrs. S. A. Grist to Mrs. Forbes was void.—Code, § 2707; *Beene v. Randall*, 23 Ala. 514; 3 Brick. Dig. 532, § 140. It did not operate even as color of title.—1 Amer. & En. Encyc Law, 288, § 39, note; Buswell on Limitations, 360, § 259. The deed does not draw to it constructive possession, nor enable the vendee to claim protection as a purchaser without notice, the grantor not being in possession at the time, and conveying only by quitclaim.—1 Amer. & En. Encyc. Law, 286, note; 3 Brick. Dig. 768, § 155; *Ib.* 810, § 171; *Barclift v. Lillie*, 82 Ala. 319; *Smith v. Bank*, 21 Ala. 134; *Tillotson v. Kennedy*, 5 Ala. 407.

Pillans, Torrey & Hanaw, *contra*, cited *Bacchus v. Mickle*, 45 Ala. 445; *Garrett v. Lynch*, 44 Ala. 324; *Reynolds v. Simpkins*, 67 Ala. 378; *Tate v. McCrary*, 21 Ala. 499; *Perry v. Danner & Co.*, 74 Ala. 485; *Cooper v. Watson*, 73 Ala. 252; *Riggs v. Fuller*, 54 Ala. 141.

[Torrey v. Forbes.]

COLEMAN, J.—Plaintiff brought suit in ejectment against James A. Bishop and Elisha Forbes. Both defendants entered a joint plea of not guilty. On the same day, the defendant Forbes filed a disclaimer as to all the lands sued for, except one hundred and sixty acres. The plea of not guilty, and a disclaimer, can not be pleaded together. They are inconsistent with each other. The plea of not guilty is a conclusive admission of possession, and puts in issue the title. A disclaimer is an admission of plaintiff's title, but denies the possession.—*McQueen v. Lampley*, 74 Ala. 408; *Bernstein v. Humes*, 60 Ala. 582.

The plaintiff may, if he elects, take issue upon the plea of disclaimer; but, upon such issue, the question involved is not one of title.—Code, § 2699. If the plaintiff does not wish to contest the plea of disclaimer, his proper course would be to take judgment for the lands disclaimed as to the party disclaiming, for want of plea, but without damages or cost (74 Ala., *supra*), and join issue upon the plea of not guilty as to the balance of the lands.

The judgment-entry recites as follows : "During the trial of the cause, plaintiff dismissed the suit as to the defendant Bishop, and the defendant Elisha Forbes asked and was granted leave to disclaim as to all the lands except those described in his disclaimer. The defendant Forbes moved to abate the suit, upon the ground that the dismissal of the suit as to Bishop operated a discontinuance of the suit, and the court granted the motion ; whereupon the plaintiff asked leave to take a nonsuit, with bill of exceptions," &c.

We do not think the cause was in a condition to authorize the taking of a nonsuit, after by the order of the court granting the motion the cause had been discontinued. The statute, section 2737 of the Code, provides that nonsuits must be taken before the jury retire ; and section 2759 of the Code provides, when from the decision of the court on the trial of a cause, it becomes necessary for the plaintiff to suffer a nonsuit, the facts, point or decision may be reserved for the decision of the Supreme Court by bill of exceptions as in other cases. The rulings of the court upon questions of evidence, or in a charge to the jury, or upon other points, may be such as to render it necessary for the plaintiff to suffer a nonsuit, and he is admitted by statute to do this at any time before the jury retire. The statute contemplates that the nonsuit shall be taken during the trial, not after it is ended by an order discontinuing the entire suit.

It is contended that the rule as to discontinuances does not apply in cases of tort. We think it applies in all cases. A

legal chasm discontinues a cause, whether it occurs in a criminal or civil action.—*Ex parte Hall*, 47 Ala. 675; *Drinkard's Case*, 20 Ala. 9. It is well settled, that a discontinuance without sufficient cause shown, as to one of several defendants, who has been served with process, is a discontinuance of the entire action.—*Kendall v. Lassiter*, 68 Ala. 182. The exception obtains where one of the defendants, by plea, such as coverture, infancy, the statute of limitations, or the like, can successfully interpose a defense personal to himself; or where the proof shows that plaintiff has no just cause of action as against such defendant, an amendment by dismissing as to him, or by striking his name out of the complaint, will not operate to discontinue the cause.—*Jones v. Englehardt*, 78 Ala. 506; *Reynolds v. Simpkins*, 67 Ala. 380; *Mock v. Waller*, 42 Ala. 670; *Givens v. Robbins*, 5 Ala. 676.

The fact that a plaintiff may sue jointly several tenants, and recover of each the portion of land held and occupied by him separately, or that tenants in possession of distinct parts may protect themselves from a joint judgment for damages, as held in *Rowland v. Ladiga*, 21 Ala. 33, and as provided for in the Code, section 2710, does not prevent the rule in regard to discontinuances from applying to suits in ejectment. There may be an unlawful joint withholding of the land by several tenants. The same principle applies as in suits to recover damages for a joint trespass to property.—*Slade v. Street*, 77 Ala. 576.

A discontinuance may be waived by the defendant. The rule recognized by the authorities is, that if an order or judgment is entered which operates a chasm in the proceedings, the advantage must by claimed by the party who desires to avail himself of it at the earliest period, and any subsequent pleading or prosecution of the defense on the part of the defendant will be held a waiver by him of the irregularity. *Walker v. Cuthbert*, 10 Ala. 219; *Hair v. Moody*, 9 Ala. 399; *Shorter v. Urquhart*, 28 Ala. 365.

According to the judgment-entry, the defendant Forbes filed his disclaimer after the suit was dismissed as to Bishop; and the bill of exceptions shows that, after the dismissal of the suit as to Bishop, both parties introduced and closed their evidence, and not until after the opening argument by plaintiff, and the reply thereto by the defendant was concluded, was the motion made that the cause be discontinued as to the defendant Forbes. We think the motion came too late. The order should have been asked for immediately upon the dismissal of the suit as to Bishop, at least before other proceedings were had by the defendant upon the merits in defense of the action.

[Torrey v. Forbes.]

Where parties go into possession of land under a purchase, evidenced by a written instrument purporting to convey it, and claim the land under such purchase, the instrument, though void as a legal conveyance, is admissible to show color of title, and the extent of the possession of the property described in the instrument.—*Black v. Tenn. Coal & Iron Co.*, 9 So. Rep. 537; *Cooper v. Watson*, 73 Ala. 252; *Stovall v. Fowler*, 72 Ala. 77; *Riggs v. Fuller*, 54 Ala. 144.

The plaintiff moved to exclude the deed from Grist to Forbes. The motion was overruled, and the deed admitted to show color of title. There was no error in this ruling of the court. We presume the deed from Sallie Forbes to Bishop was introduced before the suit was dismissed as to him. The record does not show. If such was the case, under the rule we have announced, it was competent as color of title to Bishop. If offered in evidence after the suit as to Bishop was dismissed, we can not see its relevancy, as this instrument purported to convey the lands to Bishop for which the defendant was being sued.

The court sustained an objection to the introduction of the deed of Hughes to Mills. The certificate of acknowledgment was taken in North Carolina, and is dated 3d day of May, 1873, and signed "Wm. J. Clark, [seal[ J. S. C." The body of the certificate states that he was a judge of the Superior Court. The Governor of the State, under the great seal of the State, certifies that he was judge of the Superior Court of the Third Judicial Circuit. Section 1546 of the Code of 1867 provides, that acknowledgments may be taken within the United States, and beyond the State of Alabama, by judges and clerks of any Federal court, judges of any court of record in any State, notaries public, &c. Neither the certificate of the judge nor that of the Governor certifies that the Superior Court is a court of record.

The act of Congress provides, that "the records and judicial proceedings of the courts of any State shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form."—1 Greenl. Ev., § 504.

It is unnecessary, however, to determine whether the certificates in this case are sufficient to show that Wm. J. Clark was a judge of a court of record in the State of North Carolina, and authorized by the law of this State to take acknowledgments of deeds. The acknowledgment and certificate is defective in form and substance, and, although recorded within

[Torrey v. Forbes.]

twelve months, was not admissible in evidence without further proof. The question is whether the defective acknowledgment and certificate will operate as the attestation of Wm. J. Clark as a witness to the conveyance.

In the case of *Merritt v. Phœnix*, 48 Ala. 90, it was held, that an insufficient acknowledgment was equivalent to the attest of one witness, and, though not sufficiently authenticated to be received in evidence, it was entirely competent to supply the deficiency by proof of its due execution. In the case of *Sharpe v. Orme*, 61 Ala. 268, the deed was not recorded in time to authorize its being read in evidence without further proof. The court declared, "The acknowledgment and certificate in this case is merely a substitute for an attestation by a witness. If it had been attested, no more than the signature of the witness would have been necessary; no affirmation by him of his knowledge of the parties, or of their identity, or of their acknowledgment that with knowledge of its contents they voluntarily executed it, could be required. The certificate of acknowledgment operating as the substitute for the attestation of a witness, when it is shown that it is legally impossible to produce the officer making it, by reason of his residence without the jurisdiction of the court, may be proved by evidence of his handwriting, and when the evidence is given, may be read in evidence." The principle decided in these cases was afterwards re-affirmed in the case of *Rogers v. Adams*, 66 Ala. 602, in which it was held that a certificate of acknowledgment, fatally defective in not reciting that the grantor was known to the officer, yet would operate as a substitute for the attestation of a witness; the court holding that "the justice himself thus becomes a witness, and his signature an attestation," and which may be proven by proof of his handwriting. In each of the foregoing cases, the principle declared, that the signature of the person before whom the acknowledgment was made, or attempted to be made, should operate as the attestation of a witness, does not rest upon the fact that such person was authorized by the statute to take acknowledgments, or one whose official signature in proper cases would be judicially known by the court, nor are the recitals of the certificate considered as evidence. As stated in the case of *Sharpe v. Orme, supra*, "The acknowledgment and certificate is merely a substitute for an attestation by a witness, in which no affirmation by him of his knowledge of the parties, or of their acknowledgment of knowledge of the contents of the conveyance, could be required."

Strike out from the certificate all that indicates that the person before whom it was taken was an officer, and a suffi-

[Seaboard Manufacturing Company v. Woodson.]

cient legal attestation remains .to comply with the statute, and make the deed valid as a conveyance. It was proven that Wm. J. Clark was dead. Proof of handwriting was admissible; . and upon such proof being made, the deed should have been admitted in evidence.

Reversed and remanded.