PEOPLE ex rel. COCHRANE v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

TAXATION—RELIEF AGAINST ASSESSMENT—STATUTORY REMEDIES.

Under Laws 1896, c. 908, §§ 250, 251, providing that one aggrieved by an assessment may obtain relief by certiorari if his petition is presented within 15 days after the posting of the assessment, and under Code Civ. Proc. § 2120, providing that certiorari will issue to review the determination of the commissioners of assessment if the petition is presented within 4 months after the determination, as required by section 2125, one so aggrieved has a full remedy, and he cannot, after neglecting to proceed under the statutes, obtain mandamus to compel the taxing authorities to strike the assessment from the books.

Appeal from special term, New York county.

Motion on the relation of Henry D. Cochrane, as executor of Henry Peck De Graaf, to compel Thomas L. Feitner and others, as the commissioners of assessments, to strike an assessment from their books. From an order denying the motion, relator appeals. Order affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George C. Lay, for appellant.

James M. Ward, for respondents.

O'BRIEN, J. The relator moved for a writ of peremptory mandamus directing the respondents, the taxing authorities of the city of New York, to cancel or strike from their assessment rolls the record of an assessment for personalty against "the executors, administrators, or trustees, estate of Henry Peck De Graaf, deceased." The assessment was made on the second Monday of January, 1898, and in May, 1899, after the warrant for the collection of the tax was in the hands of the marshal, this motion was made. During the intervening period no application was made to the commissioners for a review of the assessment while the books were open for inspection and correction, and no proceeding by certiorari was had to review the same.

Without discussing the other question, as to how far the original illegal act of the commissioners was validated by the act of 1898 (chapter 310), we think the special term was right in denying the motion, for the reason that a peremptory writ of mandamus was not the proper remedy. Cases undoubtedly can be found in which, under former and different statutory regulations, a writ of mandamus has been granted because there was no other adequate remedy. People v. Assessors of Town of Barton, 44 Barb. 148. As has been frequently said, the writ of mandamus is an extraordinary remedy, to be invoked only upon special occasion and for particular reasons, and is intended to supply a deficiency in the law where, in the case of a clear right, no other remedy is given. Thus, it has been spoken of as "a high prerogative writ." And in Wood, Mand. (3d Ed.) p. 1, it is said:

"The legal right of the party to that which he demands in the writ must be clearly established, and, to entitle a party to this writ, it must appear that

there is no other specific legal remedy to which he can resort for the enforcement of his right. Where the party has an adequate remedy by action, this writ will not be awarded."

This statement of the rule is supported by numerous decisions in this state, which are collated in the footnote of the book from which we have quoted. As said, however, in People v. Coler, 34 App. Div. 167, 168, 54 N. Y. Supp. 639:

"The rule that a mandamus will not be granted where the party has a remedy by action is one addressed to the sound discretion of the court, and is not of universal application."

Thus, in that case, mandamus was issued to compel a ministerial officer to pay a claim where the right was clear, although there existed a remedy at law. So, also, in the case of People v. Wilson, 119 N. Y. 518, 23 N. E. 1064, it was said:

"Mandamus was a proper remedy to compel the performance of the duty of correcting the error, and the collector of taxes was properly joined in the proceeding to restrain him from proceeding to collect the illegal tax."

In that case the charter made it the duty of the board of assessors to rectify errors in assessments in certain cases, and, among others, "where the error is entirely clerical."

While, therefore, there are exceptional cases where, in the sound discretion of the court, the writ will be issued, the general rule still holds, that it will not be allowed where the party has another adequate remedy. Now, as the result of statutory changes, one aggrieved by an illegal, erroneous, or unequal assessment has a complete and effective remedy by certiorari under the general tax law (Laws 1896, c. 908, § 250). To obtain relief under this general tax law, a petition must be presented to a justice of the supreme court "within fifteen days after the completion and filing of the assessment roll and the first posting or publication thereof as required by this chapter." Id. § 251. In addition to this remedy, the relator might have proceeded under section 2120 of the Code of Civil Procedure, and obtained a writ of certiorari to review the action of the commissioners, provided his application therefor was made within four months after the determination of the commissioners, as required by section 2125 of the Code.

In People v. Feitner, 41 App. Div. 546, 58 N. Y. Supp. 649, it was held that the right to issue the writ of certiorari "is not taken away by section 250 of the general tax law, nor by any other law to which our attention has been called." And in United States Trust Co. v. City of New York, 144 N. Y. 488, 39 N. E. 383, it is said:

"Had the plaintiff instituted a proceeding to review the action of the commissioners, by suing out a writ of certiorari, it would have been in a position to cancel the assessments by reason of the error in their making. This was the remedy which the statute prescribed for the review of assessments, illegal, erroneous, or unequal, and through which a reversal might be had, and it is the appropriate proceeding at law to correct the errors of the taxing officers. ✢ ✢ ✢ It is necessary for the protection of the taxing officers that an attack upon their action should be limited to that which is direct, and in the nature of an appeal from it, where that action has been with jurisdiction; and the irresistible inference seems to be that when the legislature has created a system of procedure for the review and correction of assessments, as it has by the act of 1880, it was intended to be an exclusive one."

We have not failed to note that the relator claims that the assessment was without jurisdiction, and therefore that he was not confined to the specific remedy by certiorari. We do not agree, however, with this contention. Henry D. Cochrane, as executor, was a resident, and it is not suggested that he did not have property of the estate within the city of New York; and the only reason why the assessment as originally made was illegal was due to the fact that it was in form against "the executors, administrators, or trustees," instead of against the person or persons by name, as representatives of the estate. To cure this illegality, the act of 1898, referred to, was passed, and whether or not it was effective could have been determined upon a review by certiorari.

The relator gives no excuse for his failure to proceed within the four months allowed, during which he could have obtained the writ of certiorari, and only now, after the time has long since expired, and the warrant is in the hands of the marshal to collect the tax, is an effort made to stay the collection. We think that the remedy which is given by certiorari to review an assessment which is illegal, erroneous, and unequal must be resorted to within the time fixed, and, if not, that the relator must be left to his remedy, if any, which he may have in equity or at law, and that he is not entitled to the peremptory writ of mandamus.

The order is accordingly affirmed, with costs. All concur.