# Strickland *v.* Wedgeworth, *et al.*

### *Damages for Assault and Battery.*

(Decided Feb. 16, 1908. 45 South. 653.)

*Dismissal; Discontinuance as to one Co-Defendant; Actions Ex Delicto.*—In an action ex delicto against several defendants all of whom had been regularly served with process, a discontinuance as to one of them will not work a discontinuance as to all, notwithstanding the provisions of section 42 of Code 1896. (Tyson, C. J., dissents.)

APPEAL from Hale Circuit Court.
Heard before Hon. B. M. MILLER.

Action by James L. Strickland against W. M. Wedgeworth and others. From an order discontinuing the cause, plaintiff appeals. Reversed and remanded.

The appellant sued the appellees jointly for an assault and battery committed on him. When the case was called for trial, and the court had disposed of several motion to strike and demurrers to the complaint, defendants all filed pleas to the complaint setting up a common defense. After this, without assigning any reason, the plaintiff by motion discontinued as to the defendant Duggar. Thereupon the defendants filed their motion in writing, setting up that all the defendants had been regularly served with process, and that the cause was at the time at issue on pleas filed by the defendant, and praying the court to enter a discontinu-

[Strickland v. Wedgeworth, et al.]

ance as to all the defendants for that plaintiff had dismissed his case voluntarily and without sufficient cause as to the defendant Duggar. The court granted the motion, and entered the discontinuance as to the other defendants.

H. A. JONES and DEGRAFFENRELD & EVINS, for appellant.—In an action ex delicto a plaintiff may dismiss his action against one of several defendants, all of whom have been served with process, and who do not set up any distinct personal defense, without discontinuing as to all.—*Slade v. Street,* 77 Ala. 579; *Meek v. Walker,* 42 Ala. 668; *Curtis v. Cummings,* 46 Ala. 445; *Reynolds v. Simpkins,* 67 Ala. 478; *Montgomery Gas Light Co. v. M. & E. Ry. Co.,* 86 Ala. 372. While the rule may be different in actions ex contractu, in actions ex delicto it is as above cited.—5 A. & E. Ency. of Law, 676; *U. S. v. Linn,* 1 How. 104; *Weakley v. Rogers,* 3 Watts, 460; *Hardy v. Thomas,* (Miss.) 57 Am. Dec. 152; Sec. 2507, Code 1896.

THOMAS E. KNIGHT, for appellees.—The court properly entertained and granted the motion for a discontinuance as to all the defendants after plaintiff has discontinued as to one.—*Torrey v. Forbes,* 94 Ala. 135; Sec. 42, Code 1896; *Duramus v. Harrison,* 26 Ala. 326; *Sartor v. Banks,* 29 Ala. 536; *Bank v. Magher & Co.,* 33 Ala. 622. The legislature is presumed to have adopted the construction placed on the statute in re-enacting it.

DENSON, J.—It is a subject of express decision by this court, and we believe it is the universal rule, that in actions of this nature—ex delicto actions—the plaintiff may discontinue as to one or more defendants, and maintain his action against the remaining defendants, without discontinuing the entire action. *Slade v. Street,*

77 Ala. 576; *Montgomery Gas Light Co. v. Montg'y & Eufaula Railway* Co., 86 Ala. 372, 5 South. 735, and authorities there cited; *Lovelace v. Miller,* 150 Ala. 422, 43 South. 735; 6 Ency. Pl. and Pr. 863, 864; 14 Cyc. 411 (F), and authorities cited in notes to the text. This common law rule prevails, notwithstanding the statute (section 42, Code 1896), which authorizes a discontinuance to be entered as to parties defendant who are not served. It was expressly held in the case cited from 86 Ala. 372, 5 South. 735, that it was not intended by the enactment of this statute to change the rule as applicable to actions ex delicto.

But the defendants (appellees) contend that the case of *Torrey v. Forbes,* 94 Ala. 135, 10 South. 320, is decisive of the question at issue in their favor. It must be conceded that the fifth paragraph of the opinion does seem to support appellees' contention; but it will be discovered that what is said in that paragraph on the subject here in judgment was not necessary to the decision of the case. It is dictum; and, even if it were not dictum, it is not in accordance with former well-considered cases determined by this court, and is opposed to the great weight of authority elsewhere. See authorities cited supra. The case of *Torrey v. Forbes, supra,* on the point in question, is hereby overruled.

TYSON, C. J., is of the opinion that the case of *Torrey v. Forbes,* asserts a sound proposition under our statutory system, and should be followed. The question is properly presented for review by the bill of exceptions.

On the foregoing considerations, the judgment of the circuit court must be reversed, and the cause will be remanded.

Reversed and remanded.

HARALSON, DOWDELL, SIMPSON, ANDERSON, and McCLELLAN, JJ., concur. TYSON, C. J., dissents.