# Wright *v.* Sample.

*Statutory Penalty for Destroying Trees.*

(Decided May 24, 1909.    Rehearing denied June 30, 1909.—50 South. 268.)

1. *Action; Injury to Trees; Nature.*—Action brought under section 6037, while technically an action for debt, is not upon a debt contracted, but for a tort.

2. *Dismissal and Non Suit; Discontinuance; Tort Feasors.*—In actions ex delicto a plaintiff may discontinue as to one or more of the

[Wright v. Sample.]

defendants and maintain the action against the remaining defendant without discontinuing 'the entire action.

3. *Judgment; Vacation; Who May Complain.*—A defendant against whom judgment is obtained cannot complain of the fact that after the action was discontinued as to his co-defendant, the co-defendant was subsequently re-instated as a party defendant, and a judgment rendered against her, which judgment was subsequently vacated.

4. *Trespass; Injury to Fruit Trees; Penalty; Orchard; Yard.*— The word, "orchard" means, among other things, an inclosure, containing fruit trees, and the word, "yard," by common acceptance, means an inclosure; and where it appears that the trees were taken from a yard and orchard, showing prima facie an inclosure, the defendant is not entitled to the general charge, on the ground that there was no proof that the trees were removed from an inclosure, the action being under section 6037, Code 1907.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by R. H. Sample against John L. Wright and another. Judgment for plaintiff, and defendant John L. Wright appeals. Affirmed.

The suit was originally begun against John L. Wright and Laura F. Wright. It seems that after the filing of the complaint an amendment was allowed striking Laura F. Wright as a party defendant. Upon this amendment being allowed, appellant John Wright moved for a discontinuance, which was overruled. Subsequent to this amendment, and before the trial, another amendment was filed reinstating Laura F. Wright as a party defendant, and on this complaint as last amended the trial was had, resulting in a judgment against both defendants, which was subsequently amended by the court setting aside the judgment as to Laura F. Wright. John Wright takes this appeal alone.

WERT & LYNN, and E. M. RUSSELL, for appellant. The court erred in refusing the motion to enter a discontinuance of the entire cause of action after one of the co-defendants had been stricken.—*Kendall v. Lasseter,* 68 Ala. 182; *Torrey v. Forbes,* 94 Ala. 139. The ac-

tion is one of debt.—*Rogers v. Brooks,* 99 Ala. 35; *Higdon v. Kennemer,* 120 Ala. 193; *Hamilton v. Griffin,* 123 Ala. 600; *Southern C. & F. Co. v. Calhoun County,* 141 Ala. 257; *Spence v. Thompson,* 11 Ala. 746. The effect of the amendment then was to put an end to the action.—*Evans Marble Co. v. McDonald,* 142 Ala. 133. The appellant did not waive the discontinuance.— *Cauldfield v. Flannigan,* 114 Ala. 48; *Evans Marble Co. v. McDonald, supra.* The court erred in allowing plaintiff to amend his complaint by adding Laura Wright as a party defendant after she had been discharged.— *Curtis v. Gaines,* 46 Ala. 455. The rendition of the judgment against the defendant, after the suit had been discontinued as to her, rendered the judgment bad as to all defendants.—14 Cyc. 420. The defendant was entitled to the affirmative charge.—*Farrow v. N. C. & St. L.,* 109 Ala. 448; *Davis v. Arnold,* 143 Ala. 228.

JOHN R. SAMPLE, for appellee. The action is in tort and the plaintiff could discontinue as to one of the defendants without discontinuing the whole case.— *Crawford v. Slayton,* 133 Ala. 394; *Strickland v. Wedgeworth,* 45 South. 653; 86 Ala. 372; 14 Cyc. 411. The proof was sufficient to authorize the judgment.— *Rogers v. Brooks,* 105 Ala. 549.

ANDERSON, J.—This action was brought under section 6037 of the Code of 1907, for the statutory penalty for destruction of or injury to fruit trees. Actions of this character, though technically actions of debt, are not for debts contracted, but are actions for a tort.— *Crawford v. Slaton,* 133 Ala. 393, 31 South. 940.

The rule is well settled in this state that in actions ex delicto the plaintiff may discontinue as to one or more defendants, and maintain his action against the remain-

ing defendants, without discontinuing the entire action.—*Strickland v. Wedgworth,* 154 Ala. 654, 45 South. 653, wherein the case of *Torrey v. Forbes,* 94 Ala. 135, 10 South. 320, was explained and qualified.

The trial court did not err in declining to discontinue the cause, at the instance of the appellant, John L. Wright, because the suit was dismissed as to his co-defendant. Nor can this appellant complain that his co-defendant was subsequently reinstated as party defendant and a judgment rendered against her, which was subsequently vacated.

The appellant further insists that the trial court erred in refusing the general charge requested, because there was no proof that the trees were removed from an inclosure. The proof showed that the trees were taken from the yard and orchard, which showed prima facie an inclosure. "Orchard" is defined by Webster as meaning, among other things, "an inclosure containing fruit trees," etc. Yard: "The word 'yard' by common and current acceptance is an inclosure," etc.—*Cook v. Lowe,* 60 N. Y. Supp. 614, 44 App. Div. 239; *State v. Bugg,* 66 Kan. 668, 72 Pac. 236.

The judgment of the law and equity court is affirmed.

Dowdel, C. J., and Simpson and McClellan, JJ., concur.