# Roman, Trustee, *v.* Dreher, *et al.*

### *Trover.*

#### (Decided June 6, 1911. 55 South. 1015.)

*Trover; Parties; Joint Liability; Striking Out Parties.*—Where the evidence in trover makes out a case of one against several defendants sued jointly, it is proper to allow an amendment striking out the other defendants and to render judgment against the defendant that is liable.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Trover by S. Roman as trustee against the Dreher Mfg. Co., and others. Pending the trial the complaint was amended by striking out the name of the other defendants except Emmett Lloyd, and the court rendered judgment for him, and plaintiff appeals. Reversed and remanded.

J. B. BROWN, for appellant. It is established law that liability for tort is joint and several, and where two or more are sued, if the evidence does not warrant a judgment against all, the plaintiff may recover against those who are guilty, and the others may be acquitted.—*South. Ry. Co. v. Arnold,* 162 Ala. 570; *Wright v. Sample,* 162 Ala. 222; *Northern Ala. Ry. Co. v. Mansell,* 138 Ala. 561; *Wilkinson v. Moseley,* 18 Ala. 288; *Hobdy v. Manistee Mill Co.,* 156 Ala. 308; *Witcher v. Brewer,* 49 Ala. 122; 21 Enc. Pleadings & Practice, 1124-Sub. Div. 3; 21 Enc. Pleadings & Practice, 1054-Sub. Div. 5. The evidence shows a joint tort against both defendants. Loyd was the servant of Dreher, and in addition to this, the evidence shows that Dreher participated in the tortuous act by personally assisting Loyd in stacking the lumber, and further, that he received all the fruits of the

wrong. There was also evidence tending to show that Dreher ratified the wrongful acts by going on plaintiff's land and estimating the amount of timber cut and offering to pay for it.—*Adler & Co. v. Pruett,* 53 South. 315; *Eubanks v. Nutting,* 7 C. B. 797; *Lee v. Mathew.* 10 Ala. 682; *Powell v. Thompson,* 80 Ala. 51; *Sparkman v. Swift,* 81 Ala. 233; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 503; *Ensley Lumber Co. v. Lewis,* 121 Ala. 95; *Perminter v. Kelly,* 18 Ala. 716.

A. A. GRIFFITH, for appellee. In this case the tort is separate and distinct, and hence, the court must determine against the appellant.—*Larkin & Moore v. Eckwurzel,* 42 Ala. 322; *Powell v. Thompson,* 80 Ala. 51; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 510; *So. Ry. Co. v. Arnold,* 162 Ala. 570.

PER CURIAM.—This is an action of trover, brought, originally, by the appellant against the Dreher Manufacturing Company, a corporation, A. Dreher, Jr., and Emmett Loyd, but the complaint was finally amended by striking out the names of all the parties defendant except said Emmett Loyd. This last amendment was made at the close of the evidence, and the court gave the general affirmative charge in favor of said defendant.

The contention of the appellees, in which the court seems to have concurred, is that inasmuch as the original complaint alleged a joint conversion, no recovery could be had against one of the defendants alone, but that the recovery must be upon a joint conversion or not at all.

It is not necessary to discuss the evidence as to whether or not it really affords an inference that the taking of the timber was the joint act of the parties. Our decisions are clear to the point, that in the action of tro-

[Roman, Trustee, v. Dreher, et al.]

ver, as in other actions ex delicto, a judgment may be rendered against one of the defendants alone, and when the evidence makes out a case against only one, it is proper, under our statutes of amendment, to allow the complaint to be amended by striking out the other parties, and permit judgment against the one.—*Strickland v. Wedgeworth,* 154 Ala. 654, 45 South. 653; *Wright v. Sample,* 162 Ala. 222, 224, 50 South. 268; *N. Ala. Ry. Co. v. Mansell,* 138 Ala. 561, 36 South. 459; *Southern Ry. Co. v. Arnold,* 162 Ala. 570, 578, 50 South. 293; *Witcher v. Brewer,* 49 Ala. 121, 122; 21 Ency. Pl. & Pr. p. 1054, subd. 5, also page 1124, subd. 3.

In the *Mansell Case, supra,* where it was held that there was a variance between the allegations and the proof, because it was an action ex delicto, "growing out of a contract" by which alone was created the relation giving rise to the duty, the court said: "This is not opposed to the doctrine which ordinarily, in actions of tort brought against several, makes possible a recovery against less than the whole number of defendants" (page 564 of 138 Ala., page 464 of 36 South).

The case of *Larkins & Moore v. Echwurzel,* 42 Ala. 322, 94 Am. Dec. 651, *Powell v. Thompson,* 80 Ala. 51, and *Richmond & Danville R. R. Co. v. Greenwood,* 99 Ala. 501, 509, 511, 14 South. 495, 498, 499, hold merely that a joint judgment cannot be maintained against several persons for separate and several trespasses; and in the last-named case, there being no demurrer to the complaint, which ascribed the wrong "to the concurring wrong of both defendants," the court says: "The complaint here alleges a joint and several liability of these defendants for the result of their separate and distinct, but concurring and coacting, negligence. Its sufficiency was not tested by demurrer, but both defendants pleaded the general issue, thereby admiting its adequacy as a

charge of joint tort against them, confessing, in other words, that, if the separate negligence and the injury charged were proved, they were jointly answerable in damages; and if jointly liable upon proof against each, it follows that there was also a several liability resting on that one, if only one, against which the charge was established. The court therefore properly, in this state of the pleadings, allowed the jury to acquit one defendant, and bring in a verdict against the other."

In the case of *Torrcy v. Forbcs*, 94 Ala. 135, 140, 10 South. 320, 322, which was overruled by the *Strickland v. Wedgeworth Case, supra,* as to the point that a dismissal as to one defendant discontinued the case as to the other, the court, while holding erroneously that a discontinuance resulted in that case, yet recognized the general principle that, "where the proof showed that plaintiff has no just cause of action as against such defendant, an amendment by dismissing as to him, or by striking his name out of the complaint, will not operate to discontinue the cause" citing a number of cases.

It results that the court erred in giving the general charge in favor of the defendant.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

Note.—The foregoing opinion was prepared by Mr. Justice Simpson, of the Supreme Court, before the transfer of the case to this court, and was adopted by this court.