John S. Cherkezian and Nishan Cherkezian, Trading as Cherkezian Bros., Plaintiffs in Error, v. A. A. Julin, Trading as Julin Importing Company, Defendant in Error.

## Gen. No. 34,242.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed November 3, 1930.

Maurice L. Zaretsky, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error plaintiffs seek the reversal of a judgment in favor of defendant entered after the overruling of plaintiffs' demurrer to defendant's special plea.

The action was originally one in replevin against A. A. Julin doing business as Julin Importing Company, Edward G. DeFoe, Claude A. Huck, Frank N. Farnsworth, John Doe and Mary Doe for the recovery of certain rugs valued at $2,021.09. The affidavit of replevin was duly filed and a writ of replevin issued and directed to the sheriff commanding him to seize said rugs. The defendants appeared and filed pleas, denying the taking and detention of the rugs. The defendants DeFoe, Huck and Farnsworth filed special pleas, claiming ownership of the rugs through a purchase from Julin in the regular and ordinary course of business without any notice of the rights of plaintiffs. Subsequently, by stipulation, DeFoe, Huck and Farnsworth were dismissed out of the case and plaintiffs were given leave to amend their declaration *instanter* by adding two counts in trover, and leave was given to Julin to plead to the amended declaration. The two counts in trover were added and defendant Julin filed a special plea asserting that the dismissal of defendants Farnsworth, Huck and DeFoe out of the case amounted to a bar against the plaintiffs proceeding against the remaining defendant, Julin. To this special plea plaintiffs interposed their special demurrer *ore tenus,* which the court overruled, and plaintiffs electing to stand by their demurrer the court found in favor of defendant Julin and entered judgment accordingly.

Did the dismissal of some of the defendants bar the plaintiffs from proceeding further against the remaining defendant? The defendant does not appear in

this court and no authorities are presented in support of the court's holding that such a dismissal worked a bar.

As a general proposition the dismissal of some of the defendants does not prevent the plaintiff from proceeding against those still in the case. *Youngquist v. Hunter*, 227 Ill. App. 152. In *Roman v. Dreher*, 1 Ala. App. 429, it was held that, where one defendant was dismissed out of a trover case, plaintiff would be permitted to proceed to judgment against the remaining defendant. In *Waterhouse-Wilcox Co. v. Betz & Mabrey*, 73 Cal. App. 236, it was held that in a replevin action plaintiff may dismiss against one or more defendants and proceed against the remainder. The rule is stated in 18 C. J. 1162, sec. 37:

"In an action of tort the plaintiff may at any stage of the cause enter a *nolle prosequi,* dismiss or discontinue as to a part of the defendants without discharging the rest."

Among the cases in this State following this are *Humason v. Michigan Cent. R. Co.*, 259 Ill. 462; *Nordhaus v. Vandalia R. Co.*, 242 Ill. 166; *Lasher v. Littell*, 202 Ill. 551; *Adams v. Jurich*, 160 Ill. App. 522.

We see no good reason why this rule should not be applied in the instant case. It is a tort action in which all the defendants are liable jointly and severally, and to dismiss some of them does not affect the right to proceed against the remaining defendant.

The demurrer to the special plea of defendant should have been sustained. The judgment is therefore reversed and the cause remanded for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded.*

Matchett, P. J., and O'Connor, J., concur.