CHARLES HANEWACKER

*v.*

HARRIET FERMAN.

*Filed at Ottawa October 29, 1894.*

| 152 | 321 |
|-----|-----|
| 61a | 113 |
| 152 | 321 |
| 167 | 224 |

| 152 | 321 |
|-----|-----|
| f93a | 1445 |

| 152 | 321 |
|------|-----|
| 114a 4 | 8 |

1. EVIDENCE—*under Dram-shop act—what improper.* Inconvenience and hardships suffered by a wife, the sickness of her children, and the injury to one child by falling from a shed, are not proper to be proved in an action by the wife for damages under the Dram-shop act.

2. SAME—*how far improper evidence is cured by instructions.* Whether the admission of improper evidence will be held to be cured by an instruction to disregard it, must depend upon whether the reviewing court can see that, under the circumstances of the particular case, the improper item of evidence has been robbed by the instruction of its power to work harm.

3. INSTRUCTIONS—*to enforce the law, of doubtful propriety.* An instruction to a jury, in any civil action, that it is their sworn duty to enforce the law, is of doubtful propriety.

4. SAME—*to enforce Dram-shop act not proper—actual and exemplary damages.* In an action by a wife against a saloon-keeper, under section 9 of the Dram-shop act, an instruction that "the law as it stands upon the statute book of this State should be enforced, and it is the sworn duty of the jury to enforce it," is improper, as requiring them to award the "exemplary damages" named in said section in disregard of the rule that such exemplary damages can only be allowed where actual damages are found.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JOSEPH L. HAAS, and Mr. W. H. GEST, for the appellant.

Mr. J. T. KENWORTHY, and Mr. M. M. STURGEON, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action brought by appellee under section 9 of the Dram Shop Act to recover damages for injury in her person, property and means of support, caused by the sale of intoxicating liquor to her husband, William Ferman, by the appellant, Charles Hanewacker. Verdict and judgment in the trial court were for plaintiff, and the judgment, which was for $1200.00, has been affirmed by the Appellate Court, whence the case is brought here by appeal.

This was evidently an exceedingly close case upon the evidence. The Appellate Court says in its opinion: "Appellant and his bar-tender denied, on oath, that Ferman had obtained liquor there, and they were corroborated by Ferman himself. It was a very serious matter for the jury to disbelieve this positive testimony, and find, from the circumstances alone, that Ferman had procured liquor there; but it was their peculiar province, in view of the inharmony between the positive evidence on one side and the circumstantial evidence on the other, to decide where the truth was."

The declaration contained allegations of injury to plaintiff in her person. Upon special demurrer to these allegations they were stricken out by the court, but much evidence upon this subject was allowed to come in. It is conceded, that all testimony as to injury arising from the loss of the husband's wages was legitimate and proper; but much testimony was admitted upon the subject of the wages earned by the wife, and the disposition made by her thereof, for the purpose of showing injury to her in her property; this testimony the trial court after its admission held to be improper, and finally ruled out. Much evidence was also allowed to be presented to the minds of the jury as to the inconveniences the plaintiff labored under, as to the hardships she suffered, as to the sickness of her children, as to the injury sustained by one of them in falling from a shed while the plaintiff was absent, etc. This class of proof was condemned by this Court in *Flynn* v. *Fogarty*, 106 Ill. 263. Instructions were given, which confined the attention of the jury strictly to injury to the plaintiff in her property and means of support. The following instruction also was given in behalf of the defendant:

11. "The only ground upon which the plaintiff can recover actual damages in this case, is her alleged support from the wages, earnings and labor of her husband, William Ferman. The jury are not authorized to award any sum as actual damages by reason of any evidence before them as to the labor of the plaintiff, or the spending by her of any means of her own for herself or her family."

It is claimed, that these instructions so far cautioned the minds of the jury against the objectionable evidence which was admitted, that no injury could have resulted to the defendant. It has been held by this court, that the evil effect of allowing evidence of injury not embraced within the allegations of the declaration to be introduced in an action under the Dram Shop Act may not be cured by an instruction excluding it from the considera-

tion of the jury. *(Hackett* v. *Smelsley,* 77 Ill. 109). Undoubtedly cases may and do arise, where the reviewing court can see, that the admission of some item of improper testimony has been robbed of its power to do harm by a subsequent instruction which directs the jury not to consider it. In the present case, however, so much objectionable evidence, which was .calculated to unduly arouse the sympathies of the jury in favor of the plaintiff and to create a corresponding prejudice against the defendant, was permitted to be introduced in the hearing of the jury, that the mind is left in doubt upon the question whether these particular instructions had the effect of remedying the evil. *(Flynn* v. *Fogarty, supra).*

In view of the considerations thus presented, and without deciding that such considerations by themselves would be sufficient to authorize a reversal of this judgment, we are of the opinion that the circumstances were such as to require the other instructions to be correct and accurate.

The third instruction given for the plaintiff is as follows :

"The court instructs the jury that it is not for them, in this case, to inquire into or consider the propriety of the law now in force relating to the sale of intoxicating liquors, under which this action is brought. The law as it stands upon the statute book of this State should be enforced, and it is the sworn duty of the jury, in a proper case, to enforce it; and if the jury believe, from the evidence in this case, that the defendant, within five years prior to the bringing of this suit, contributed to the intoxication of the plaintiff's husband by selling or giving to him intoxicating liquors, and that her husband was a person in the habit of getting intoxicated, and that in consequence of such intoxication the plaintiff has been injured in her means of support, as charged in the declaration, then the jury must find their verdict for the plaintiff, and assess her damages at such a sum as the evidence

shows, if any, she has thereby sustained,—and this with-out any regard to the policy or the propriety of the law relating to the sale of intoxicating liquors in this State."

We doubt the propriety of instructing a jury in any civil action, that it is their duty to enforce the law. But such language is too strong in a suit under section 9 of the Dram Shop Act. We have held, that, in this proceed-ing, exemplary damages will not be awarded, unless there is a finding of actual damages. (*McMahon* v. *Sankey,* 133 Ill. 636; *Roth* v. *Eppy,* 80 id. 283). We have also held, that there is no distinction between exemplary damages and damages allowed as a punishment; that exemplary damages, punitive damages, or damages recovered as a punishment, all mean the same thing. (*Lowry* v. *Coster,* 91 Ill. 182). When the jury were told, that "the law, as it stands upon the statute book of this State, should be enforced, and it is the sworn duty of the jury, in a proper case, to enforce it," they must have understood, that it was their duty to award such damages as are allowable as a punishment, or, in other words, vindictive or puni-tive damages. They were told in another instruction, that plaintiff must have sustained actual damages, in order to justify a finding of vindictive damages. But they were not bound to give the plaintiff vindictive dam-ages. A jury will be permitted to award such damages if they "shall believe, from all the circumstances, that the plaintiff ought to recover vindictive damages." (*Hack-ett* v. *Smelsley, supra*).

In the recent case of *Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614, in discussing an instruction, whose language was much less positive and emphatic than that of the in-struction here, we said: "Exemplary damages are given as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or where the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. * * * The amount of 'smart money,' which

the plaintiff is thus allowed to recover, in addition to his compensation for the injury suffered, is left to the discretion of the jury, as the degree of punishment to be inflicted in this way must depend upon the peculiar circumstances of each case.   \*   \*   \*   The province of the jury in determining the allowance of the punitive damages would be too much invaded if they were instructed, that it was their duty to allow such damages, instead of being told that they might allow them, or were at liberty to allow them." This language is precisely applicable here.

For the error in giving the third instruction of the plaintiff under and in connection with the circumstances herein referred to, the judgments of the Appellate and Circuit Courts are reversed, and the cause is remanded to the former court.

*Reversed and remanded.*