## John E. A. Johnson v. Ellen McCann, John McCann, Patrick McCann, Bessie McCann, Clara McCann, Jennie McCann and Leslie McCann, by Bridget McCann, Their Next Friend.

1. INTOXICATING LIQUORS—*Claim of Minor Children—Rights of the Mother to Compromise.*—The right of action by minor children, under the statute, to recover for an injury to their means of support by reason of the sale of intoxicating liquors to their father, is wholly independent of the right given the wife by the statute and may be prosecuted by the children in their own names. The wife has no authority by reason of the relation of parent and child to compromise or adjust their claims for damages.

2. NEXT FRIEND—*Power and Authority.*—The appointment of a next friend does not confer authority upon the appointee to compromise or settle the subject-matter of the litigation without an order of court directing or approving such compromise or settlement.

3. EVIDENCE—*When Improper is not Reversible Error.*—In an action by minor children under section 9, chapter 43, R. S., entitled "Dram Shops," it is error to admit against the objection of the defendant, evidence of the destitute condition of the children, and that neighbors furnished them with food and clothing to supply their wants, but is not sufficient to reverse the finding unless it appears that the defendant has been injured thereby.

4. PRACTICE—*Admission of Improper Evidence, When not Reversible Error.*—It is error to admit upon the trial of an action under the dram shop act, evidence having no other effect than to arouse the sympathies of the jury in favor of the plaintiffs and direct their attention from the real issues and cause them to find damages not warranted by the facts, but as the defendant did not assign for error that the damages were excessive, the error was harmless.

5. INSTRUCTIONS—*Directing the Jury as to its Duty.*—The propriety of instructing a jury in civil actions that it is their duty to enforce a law, may well be doubted.

**Action Under the Dram Shop Act.**—Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

Bridget McCann, who alleged she had been injured in her means of support in consequence of the intoxication of

Barney McCann, her husband, on August 10, 1894, brought an action under the statute against the appellant and George Green, saloon keepers, and others as owners of the building in which the saloons were kept, to recover damages therefor.

On the 7th of December, 1894, Bridget accepted from said George Green the sum of $200 " in full discharge of any and all damages to herself and each of her children alleged to have been caused to her or their means of support by the sale to said Barney McCann, her husband, of any intoxicating liquor by said George Green, his clerks or employes," and also in full discharge of all rights of action against the certain defendants who were sued jointly with Green and the appellant as owners of the building occupied by Green as a saloon. Written stipulations to the effect as above stated were executed by said Bridget and Green.

Afterward at the December term, 1894, of the court, the cause was dismissed as to said Green and the others who had been made defendants as owners of the building occupied by him for saloon purposes.

Still later leave was asked and given to make the minor children of said Barney McCann parties plaintiff to the proceeding.

The declaration was accordingly amended and the children brought in as plaintiffs, appearing by Bridget McCann as their next friend.

Issue was joined and the cause submitted to a jury for hearing. During the hearing upon her motion the cause was discontinued as to said Bridget McCann, the declaration amended accordingly, and the cause prosecuted in behalf of the remaining plaintiff children of said Barnes, who obtained a verdict and judgment in their favor in the sum of $700.

This is an appeal therefrom.

DANIEL ABBOTT, attorney for appellant.

WALKER & LANDAUER, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.
The appellees, minor children of Barney McCann, were

given by the statute (Sec. 9, Chap. 43) a right of action to recover damages for injury to their means of support by reason of the intoxication of the father.

This right is wholly independent of the like right given the wife by the statute.

It may be prosecuted by a child in his or her own name. Such is the express provision of Sec. 9, Chap. 43, R. S.

Hence, release by the wife could not operate to prejudice an action by the children.

She had no authority by reason of the relation of parent and child to compromise or adjust and discharge their claim for damages. Nor is it so claimed.

The position that as next friend she was empowered to make settlement for the children, is untenable for two reasons:

First, when the settlement was made she had not been appointed or recognized by the court as their next friend, and was not acting in that capacity.

Second, the appointment of a next friend does not confer authority upon the appointee to compromise or settle the subject-matter of the litigation. An order of the court directing or approving such a settlement is indispensable to make it effectual and binding. Tripp v. Gifford (Mass.), 29 N. E. Rep. 208, and authorities there cited.

The court over the objection of the appellant permitted witnesses to testify the children were in a destitute condition, and that they and other neighbors donated flour, potatoes, coal, clothing, etc., to relieve their wants.

Speaking of testimony of this character it was said in Flynn v. Fogarty, 106 Ill. 263, it had no bearing upon the issue whether the children had been injured in their means of support by the alleged intoxication of the father, and had no other effect than to arouse the sympathies of the jury in favor of the plaintiffs and divert their attention from the real issues in the case and cause them to find damages not warranted by the facts.

In the case at bar it was indisputably proven, and not denied, that appellant, on many different occasions, sold intox-

icating liquor to the father of the plaintiffs, and thereby, in whole or in part, caused him to become intoxicated. It was also as well proven and not controverted the children (plaintiffs below) were injured in their means of support by reason of such intoxication of the father.

Hence the judgment ought not to be disturbed upon the ground that evidence was received which was incompetent for the reason it tended to divert the attention of the jury from these issues.

It was not complained in the trial court, nor is it assigned as error here, that the damages allowed are excessive.

The incompetent evidence did not therefore operate to cause the jury "to find damages not warranted by the facts."

The admission of incompetent evidence does not work a reversal if the court can clearly see it was not prejudicial to the appellant.

It is urged the court erred in giving the following instruction:

Fourth. "The court instructs the jury that it is not for them to inquire into or consider the propriety of the law in force relating to the sale of intoxicating liquors under which this action is brought. The law as it now stands upon the statute books of this State should be enforced, and if the jury believe from a preponderance of the evidence in this case that the defendant, John E. A. Johnson, contributed to the intoxication of said Barney McCann by sales of intoxicating liquors to said Barney McCann, if such intoxication has been proven by a preponderance of the evidence in this case, and that said Barney McCann was a person in the habit of becoming intoxicated, and that in consequence of such intoxication, the plaintiffs have been injured in their means of support by reason of such intoxication, then the jury should find for the plaintiffs and against the defendants, John E. A. Johnson and Catherine Nugent."

The propriety of instructing a jury in any civil action that it is their duty to enforce the law may well be doubted. Hamenwhacker v. Ferman, 152 Ill. 321.

The instruction under consideration taken as a whole, however, does no more than to advise the jury they are not free to consider the wisdom or propriety of the provisions of the statute, but the law as enacted by the General Assembly should be accepted and enforced in the case if the facts necessary to create liability under it, are proven by a preponderance of the evidence.

The error, if any there be, is not of reversible character.

The court gave sixteen instructions on behalf of the appellant, covering, as we think, fairly and fully the law of the case in that behalf.

Other instructions asked by appellant and refused, so far as they were proper, were but reiterations of those given.

We have carefully read the evidence and find it amply supports the judgment. Affirmed.