## Mary F. Stanley v. Edward Leahy et al.

1. DRAM-SHOPS—*Injuries to Wives, etc.*—A wife injured in her means of support by the sale of intoxicating liquors to her husband, may proceed jointly or severally against the persons who caused the intoxication.

2. SAME—*Satisfaction by One Defendant Bars Recovery Against the Others.*—A recovery and satisfaction against one of several persons, under the dram-shop act, will constitute an effectual barrier to a recovery against others, who may have, in part, contributed to cause such intoxication.

3. RELEASE—*To One of Several Persons Liable Under the Dram-shop Act Releases All.*—Where several are liable under the dram-shop act for causing the intoxication of a person, and the injured party, for a valuable consideration, releases one of them from further liability, such release is an effectual bar to a recovery against the others.

**Action Under the Dram-shop Act.**—Error to the Circuit Court of Cass County; the Hon. THOMAS MEHAN, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

MILLS & McCLURE, attorneys for plaintiff in error.

MATHER & SNIGG, attorneys for defendants in error.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a suit under the dram-shop act, brought by Mary F. Stanley against Edward Leahy, John Leahy, Abe Jones and Joseph Lohman, charging them with selling liquor to her husband, which caused his intoxication and injury to her means of support. She dismissed her suit as to the defendants Joseph Lohman and Abe Jones. The other defendants filed pleas setting up that since the commencement of the suit their co-defendants, Joseph Lohman and Abe Jones, had paid to the plaintiff $150, in consideration of which she had dismissed the suit as to them and released them from all liability. The plaintiff replied specially in three replications. The first replied that the damages from which Lohman and Jones were released were not the same damages she was claiming from the defendants Edward and John Leahy, but were for damages suffered by her prior to those inflicted by the Leahys. The second and third replied, in effect, that by the release to Lohman and Jones she only intended to release and only did release such damages as had been committed by them.

The court sustained a demurrer to all three of the repli-

cations, and, as the plaintiff desired to stand by them, rendered judgment in bar of her action.

A wife injured in her means of support by the sale of intoxicating liquors to her husband may proceed severally or jointly against the persons who caused the intoxication, but there can be but one satisfaction for the injury. A recovery and satisfaction against one would constitute an effectual bar to any recovery against another who may have, in part, contributed to cause the intoxication. Emory v. Addis, 71 Ill. 273.

It is plain then, that if the plaintiff was paid $150 by two of the four defendants originally sued, and that she, for such consideration, released them from further liability from injury caused by intoxication of her husband and to which all of the defendants had contributed, such release was an effectual bar to any recovery against the others. It makes no difference that she only intended to release Lohman and Jones. The court rightfully held the second and third replications bad, therefore. But it was error to hold the first replication bad. It averred specifically that the release pleaded was not from the damages sued for, but from such as had been suffered by her prior thereto. It was a sufficient reply to the plea.

For the error indicated, the judgment will be reversed and the cause remanded.