## William McLees v. Myrtle Niles.

1. Dram-Shop Act—*Evidence in Actions Under.*—The statute in relation to dram shops is to be strictly construed, and evidence in actions under it, is to be limited to the issues in the case; so where the only charge in the declaration in an action by a married woman against a dramshop keeper for selling intoxicating liquors to her husband, is that of injury to her means of support. it is error to admit evidence of his ill treatment of her when intoxicated.

2. Same—*When the Erroneous Admission of Evidence is Not Cured by Instructions.*—In an action by a married woman, under the dram-shop act, for an injury to her means of support, the erroneous admission of evidence of ill treatment of her by her husband while intoxicated, is calculated to operate injuriously to the defendants, and is not cured by an instruction telling the jury that such evidence is admitted only for the purpose of showing his intoxication, habitual or otherwise, and for no other purpose whatever.

Action Under the Dram-Shop Act.—Appeal from the Circuit Court of Winnebago county; the Hon. John C. Garver, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed February 13, 1901.

R. K. Welsh and C. W. Ferguson, attorneys for appellant.

ARTHUR H. FROST and ROBERT G. McEVOY, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action by the appellee against appellant and one J. E. McQuirk, brought under section 9 of the dram-shop act, to recover damages occasioned by the sale of liquor by them to her husband, whereby he became an habitual drunkard, resulting in injury to and loss of her means of support. There was a trial by jury and a verdict and judgment in favor of appellee for $2,000, from which the appellant, William McLees, alone appealed.

Four reasons are suggested by appellant why the case should be reversed. It will be necessary, however, for us to consider only two of them, which are, (1) that improper and incompetent evidence was admitted on behalf of appellee, and (2) that improper instructions were given by the court on behalf of appellee and proper instructions offered by appellant refused. In each of the two original counts and the amended count of the declaration, the plaintiff, after setting out her causes of action, states her injury as follows: "By means of which premises the said plaintiff has been greatly injured in her means of support and has lost and has been and is deprived of the same." No other injury whatever is counted upon by plaintiff in the declaration. Upon the trial appellee was asked on her direct examination, questions tending to show her treatment by her husband, when he was intoxicated. She testified in answer thereto, that when intoxicated he was ugly and abusive, and that his talk was "very low and abusive" to her; that he was very abusive on more than one occasion. When asked as to what led to her "final leaving of him" she stated, "about two weeks before he was very abusive and was under the influence of liquor." A witness, Samuel Brown, was also permitted to testify that Niles was "a little cranky, sometimes a little cross." This evidence was all objected to by appellant but the objections were overruled by the court, the evidence admitted and exceptions preserved.

The court of its own motion instructed the jury in regard to this character of testimony as follows:

" In this case plaintiff can not recover anything on the ground that her husband became abusive when intoxicated, or that they separated, or are living apart, or any like evidence, except as bearing upon the question whether or not plaintiff is injured in her means of support by reason of the alleged habitual intoxication of her husband, and if you believe from the evidence she was injured as alleged, then in determining the extent of such injury such evidence may be considered, but on all other questions you are entitled to disregard such evidence."

The Supreme Court of this State has in many cases held that the statute under which this suit is brought must be strictly construed and the evidence limited to the issue in the case. There was no charge in the declaration of injury to the person in any manner, the only charge being that of injury to and loss of support.

In the case of Hackett v. Smelsley, 77 Ill. 109, it is said by the court in regard to questions and answers concerning the conduct of the intoxicated husband and his treatment of his wife, " as the declaration in this case counted only upon an injury in means of support, the evidence should have been confined to such injury, and it was error to admit this evidence of personal injury and ill treatment; and it was such evidence as was highly calculated to operate injuriously to the defendants." And in the same case the court further held that the error in admitting such evidence was not cured by an instruction which told the jury that " evidence tending to show the conduct of Smelsley toward his wife at his home or for any abuse to her is only admitted to show intoxication of George Smelsley, habitual or otherwise, and for no other purpose;" for the reason, as there stated, that after counsel for plaintiff had fully availed themselves of such evidence before the jury to the prejudice of the defendants, such an instruction would only partially counteract the injurious effect of the admission of such testimony.

The theory of the law indicated in the above case, is also sustained in the later cases of Flynn v. Fogarty, 106 Ill. 263,

and Hanewacker v. Ferman, 152 Ill. 321. In the case under consideration, the court not only admitted the evidence, but also instructed the jury that they could consider it in determining the extent of the injury, thereby calling special attention to it. The court erred both in admitting this evidence and giving the instruction, and the judgment will therefore have to be reversed and the cause remanded for another trial. Reversed and remanded.