occasioned to the lands of plaintiff by the building of such embankment and the digging of such ditch. The instruction should have had the words "if any" in it; otherwise it apparently assumes there was some damage. The instruction does not direct a verdict, and the instructions given for the appellant prevent any possibility of appellee's instruction being misconstrued. Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*

## Catherine Adams, Appellee, v. John Jurich et al., Appellants.

### Gen. No. 5449.

1. DRAM-SHOPS—*right to dismiss as to defendants.* In an action of tort brought under the Dram-shop Act a plaintiff may before a trial or during the trial dismiss defendants from the action without impairing the right to proceed against the defendant or defendants remaining.

2. DRAM-SHOPS—*what evidence incompetent in action brought under section 9 of act.* Held, in this case, that evidence was incompetent which was to the effect that the husband of the plaintiff swore at the plaintiff and her children, would fall over them and pull their hair and would put his hands on the plaintiff's lady boarders, swear at them and soil their clothes; such evidence while calculated to produce prejudice and enhance the damages awarded, did not tend to establish either a cause of action or the fact of damage.

3. DRAM-SHOPS—*what not essential to sustain recovery under section 9 of Act.* Showing that the defendants were licensed to sell liquor is not essential; if the proof is ample to show that the defendants were engaged in running dram-shops where intoxicating liquors were sold by the drink for money, a recovery will be sustained in an action under section 9.

4. DRAM-SHOPS—*when instruction in action under section 9 proper.* In such an action instructions in the language of the statute are proper.

5. INSTRUCTIONS—*when error will not reverse.* Error in an instruction complained of will not reverse if the particular error existing is not pointed out.

6. INSTRUCTIONS—*when as to form of verdict erroneous.* An instruction upon this subject as follows is erroneous, the case being a close one and the evidence being such that some of the defendants might have been found guilty and others not guilty.

"If you find the issues for the plaintiff you will for your verdict say: 'We the jury find the defendants guilty and assess plaintiff's damages at' (here insert the amount). If you find the issues for the defendants, you will for your verdict say: 'We the jury find the defendants not guilty.' "

Action in case. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

A. C. NORTON and F. A. ORTMAN, for appellants.

WHITE & TUESBURG, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought in March, 1909, by Catherine Adams, against John Jurich, Dominie Buffo, Mrs. B. Choketti, Peter Babrich, Dominic Secondino and Lewis Tintori, to recover damages under the ninth section of the "Dram-Shop Act," for injury averred to have been caused by the sale of liquor to her husband, William Adams, causing him to be habitually intoxicated, and being intoxicated he squandered his earnings and neglected his work, whereby she was injured in her means of support. Tintori was averred to be the owner of the building in which Mrs. Choketti sold intoxicating liquor. The suit was dismissed as to Tintori and Secondino. The only plea filed was the general issue. A jury returned a verdict for $650 against the remaining defendants. On February 4, 1910, the plaintiff remitted $150 by order of the court, and judgment was rendered in July, 1910, for $500 and costs. Jurich and Buffo appeal.

It is contended that there was error in permitting appellee to dismiss the suit as to Tintori, the landlord of Choketti, before the trial and as to Secondino dur-

ing the trial, and in using Tintori as a witness for appellee. This is a suit in tort, and a plaintiff, both at common law and under the Dram-Shop Act, may bring her suit against as many joint tort feasors as she pleases, and may dismiss as to any she pleases, and the dismissal was within her rights. The fact that the suit was dismissed as to Tintori, who was the landlord of Choketti, was a question that might affect his credibility, but was no defense to the suit against the other defendants, unless there was a release for a valuable consideration and such release would have to be pleaded and proved to be available as a defense. Emory v. Addis, 71 Ill. 273; Stanley v. Leahy, 87 Ill. App. 465.

The appellee testified that she kept a boarding house and was married to William Adams in April, 1906, and that from that time her husband had been in the habit of getting intoxicated almost daily; that he followed his vocation of a coal miner and lost but little time when the mine was running; that he often made extra time; that his wages would average $60 a month; that her husband was paid every two weeks and he usually turned his pay check over to her; that he usually drew from $2 to $10 every two weeks in advance of the pay day, which he expended for liquor, and that he also got some of the proceeds of his pay check from her with which to get liquor.

It is assigned for error that the court improperly admitted certain evidence over the objections of appellants. Appellee testified her husband was drunk nearly every day after their marriage. She was then asked in regard to his conduct and treatment of appellee, of her children by a former marriage, and of other parties. The appellants objected to this line of questions and the objections being overruled appellee answered that he swore at her and the children, would fall over them and pull their hair, and would put his hands on her lady boarders, swear at them and soil their clothes. The effect of this evidence was to enhance appellee's damages and to prejudice the jury

against the defendants, because of the mental suffering and mortification of appellee. Such evidence should not have been admitted. Hackett v. Smelsley, 77 Ill. 109; McLees v. Niles, 93 Ill. App. 442. A step-daughter was also permitted to testify over objection, that she worked in appellee's boarding house; that her mother had promised her $3 a week and she could not get her pay. Appellee also proved over the objection of appellants that she had some property when she married Adams, and that it had all been used up in running her boarding house. We are unable to see any logical connection or inference between the facts that she spent her money in running a boarding house or that she was unable to pay her employes in her private business, which may have been a losing venture, and the damage to her means of support suffered from the sale of liquor to her husband. The objections to this evidence should have been sustained. It would have been proper however for her to show if she could, that she had expended her money in her own support which would have been furnished by her husband except for his spending it in getting intoxicated.

It is insisted that there is not sufficient proof in the record to sustain the judgment against appellant Buffo. The only proof that tends to show that Buffo sold Adams liquor is the evidence of appellee that she once saw him in Buffo's saloon for twenty minutes; that he was at that time drunk, fighting, quarreling and scolding; that she there heard him call for drinks twice but did not see him get liquor or drink there, but went away leaving him there. The scantiness of the evidence against Buffo makes more important the defect hereinafter mentioned in the instruction as to the form of verdict.

It is insisted there could be no recovery against the appellants because there was no proof that they had licenses to sell liquor. The proof is ample that they were severally engaged in running dram-shops or tip-

pling houses, where intoxicating liquors were sold by the drink for money. These places of business are clearly within the statutory definition of dram-shops. "A dram-shop is a place where spirituous or vinous or malt liquors are retailed by less quantity than one gallon." Sec. 1, Dram-Shop Act, Hurd's Statutes (1908) 888.

Appellants contend that there was error in appellee's third, sixth and eighth instructions in that they do not require the jury to find that the liquor furnished Adams materially contributed to his intoxication. These instructions tell the jury that if they believe from the evidence the defendants sold intoxicating liquor to William Adams and thereby in whole or in part caused the intoxication, etc. The instructions are in the language of the statute and free from error in the particular pointed out. The third instruction however tells the jury that if they believe from the evidence that the defendants within five years prior to March 11, 1909, sold intoxicating liquors to William Adams, etc. Appellee was not married to him until April, 1906; she could not maintain this action for intoxication of Adams before she was his wife; but appellants in their discussion of this instruction have made no reference to this error.

The court instructed the jury as to the form of their verdict:

"If you find the issues for the plaintiff you will for your verdict say: 'We the jury find the defendants guilty and assess plaintiff's damages at' (here insert the amount). If you find the issues for the defendants, you will for your verdict say: 'We the jury find the defendants not guilty.'"

This instruction appears to have been given by the court, without the request of either party so far as the record shows. Each defendant excepted to the instruction, and the giving of this instruction is now assigned for error for the reason that it is a peremptory instruction to find against all the defendants, if there is a finding for the plaintiff.

The appellee contends that under the rule announced in the case of Triggs v. McIntyre, 215 Ill. 369; 115 Ill. App. 257, the giving of this instruction is not reversible error. In the Triggs case, which was to recover damages for loss of support because of the sale of intoxicating liquor, there were but two defendants, the saloon keeper and the owner of the building in which the liquor was sold. The Supreme Court say in that case, "it is difficult to see how one could be guilty, unless both were guilty." The instruction in that case was that if they find the defendants guilty the form of their verdict might be: "We the jury find the defendants guilty," etc. In the case under consideration the instruction in the record is: "If you find the issues for the plaintiff you will for your verdict say: 'We the jury find the defendants guilty,'" etc. In the Triggs case the instruction was exactly correct in saying that if they found the defendants guilty (of whom there were but two) they should by their verdict say "We find the defendants guilty." This case went to the jury as to four defendants, and the jury might find the issues for the plaintiff as to some defendants and not as to others, and it was therefore misleading to direct the jury that if they found the issues for the plaintiff, "you will for your verdict say, 'we the jury find the defendants guilty,'" which the jury might understand to mean all the defendants. While the defendants might have asked an instruction as to the form of the verdict if some of the defendants were guilty and some were not, the law does not require that a party ask any instructions; the instructions are the instructions of the court. If a case is close upon the facts the jury should be accurately instructed. The plaintiff's right to recover against appellant Buffo was based on a presumption only, that Adams was in Buffo's saloon once drunk, and asked for liquor there, therefore he was made intoxicated by liquor sold him there. We are of the opinion that in view of the closeness of the case as to appellant Buffo, and the number of the defendants, the giving

of this instruction as to the form of the verdict, without other qualifying instructions, impaired the rights of appellant Buffo.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*